IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMANDA SMITH, <br> CHERYL FERNANDEZ, <br> JOSEPH COLELLA, <br> JOSEPH TIMMERMAN, <br> KELLY STYLES LONGO, <br> SANDRA STYLES-HORVATH, <br> JOHANA GARCIA, and <br> SHARON MARIE BETSELL, <br> individually and <br> on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ATKINS NUTRITIONALS, INC., <br><br> Defendant. | Case No. 2:18-CV-04004-MDH |

**ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 46). The parties have informed the Court that they have mediated the case and have reached a settlement agreement. The Settlement Agreement is filed as an exhibit to Plaintiffs' Motion.

The Court has reviewed the Settlement Agreement and finds that the factors articulated in Federal Rule of Civil Procedure 23(e) weigh in favor of preliminary approval. Accordingly, after careful review of the record before the Court, the Court hereby **GRANTS** Plaintiffs' Motion for the reasons stated herein. The Court **ORDERS** the following:

1. **Preliminary Approval of Proposed Settlement.** The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that (a) the

1

Agreement resulted from extensive arm's length negotiations; (b) the Agreement satisfies the factors set forth in Rule 23(e); and (c) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class (defined herein) and a full hearing on the approval of the Settlement.

    2.    **<u>Class Certification for Settlement Purposes Only</u>.** Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons who: (1) purchased a Subject Product, (2) during the applicable Purchase Period, (3) anywhere in the United States.
>
> "Subject Products" means any Atkins Nutritionals products that contained any sugar alcohol (including but not limited to maltitol) or polyol (including but not limited to glycerin) that were sold anywhere in the United States during the Purchase Period.
>
> "Purchase Period" is from January 1, 2013 to the Claim Deadline for purchases in Missouri, California, or New York, and from January 1, 2014 to the Claim Deadline for purchases in any other U.S. state or territory.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only under Rule 23:

    a.    The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    b.    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

    c.    Plaintiffs' claims appear to be typical of the claims being resolved through the proposed Settlement;

d. Plaintiffs and Plaintiffs' counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class members in connection with the proposed Settlement;

e. Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

f. Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

3. **Class Counsel and Representatives.** Matthew L. Dameron and Amy R. Jackson from Williams Dirks Dameron LLC, as well as Jason "Jay" Barnes from Simmons Hanly Conroy, are hereby APPOINTED as Class Counsel. Plaintiffs Amanda Smith, Cheryl Fernandez, Joseph Colella, Joseph Timmerman, Kelly Styles Longo, Sandra Styles-Horvath, Johana Garcia, and Sharon Marie Betsell are hereby APPOINTED as Class Representatives.

4. **Class Notice Plan.** The proposed Class Notice Plan, including the long form notice, the internet banner notice and the settlement website, is the best notice practicable under the circumstances, is a reasonable manner of notice, and constitutes valid, due and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution, and is therefore APPROVED.

5. **Notice and Claims Administrator.** CPT Group is hereby APPOINTED as the Notice and Claims Administrator to implement the terms of the proposed Settlement Agreement. The Notice and Claims Administrator is authorized to implement the parties' Class Notice Plan as

outlined in the Declaration of Julie N. Green on behalf of CPT Group, Inc. The Court also authorizes the Notice and Claims Administrator to carry out other such responsibilities as are provided for in the Settlement Agreement or as may be agreed to by counsel for the Parties. The Notice and Claims Administrator is directed to establish a settlement website (www.ANIClassSettlement.com) and to issue notice, pursuant to the Class Notice Plan, within 30 calendar days of the entry of this Order.

6. **Claims Deadline.** All claim forms must be submitted electronically, or, if mailed, postmarked no later than one-hundred thirty (130) calendar days after the date of this Preliminary Approval Order to be considered timely.

7. **Objections.**

a. Any Settlement Class Member who complies with the requirements of this paragraph may object to any aspect of the proposed Settlement Agreement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who objects to the proposed Settlement Agreement must file with the Court, and serve on Class Counsel and Counsel for Atkins Nutritionals at the addresses set forth below, a written statement of objection postmarked no later than one-hundred thirty (130) calendar days after the date of this Preliminary Approval Order.

b. The written statement shall include: (a) the objecting Class Member's full name, address and telephone number and those of his or her counsel, if any; (b) all objections and a statement of any evidence the objecting Class Member wishes to introduce in support of the objection; (c) a statement as to whether the Class Member intends to appear at the Final Approval Hearing; (d) the Class Member's

signature; (e) the case name and case number set forth in the caption of this Order; and (f) a list of any other objections submitted by the Class Member, or his or her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years. The written statement shall also include an averment under penalty of perjury that the Class Member purchased an Atkins Nutritionals product that contained sugar alcohol or polyol during the Purchase Period, which is from January 1, 2013 to the Claim Deadline for purchases in Missouri, California, or New York, and from January 1, 2014 to the Claim Deadline for purchases in any other U.S. state or territory.

c. Any Class Member who does not timely file and serve a written objection pursuant to the terms hereof shall be deemed to have waived, and shall be foreclosed from thereafter raising, any objection to the Settlement Agreement. These procedures and requirements for filing objections are intended to serve the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members.

8. **Requests for Exclusion.**

a. Any Class Member may request to be excluded (or "opt out") from the Class. A Class Member who wishes to opt out of the Class must complete and mail the form or submit it online to the Notice and Claims Administrator a Request for Exclusion, including a statement that the Class Member desires to be excluded from the Class, that is postmarked no later than one-hundred thirty (130) calendar days from the date of this Preliminary Approval Order. Only in the case of a putative Class

Member who is deceased or incapacitated may the Request for Exclusion be signed by a legally authorized representative of the Class Member. Otherwise, the Request for Exclusion must be personally signed by the Class Member requesting exclusion. No person shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs. So-called "mass" or "class" opt-outs shall not be allowed.

b. Except for those Class Members who have properly and timely submitted Requests for Exclusion, all Class Members will be bound by the Settlement Agreement and the judgment and order approving the settlement, if entered, including the Release contained within the Settlement.

c. Any Class Member who properly requests to be excluded from the Class shall not: (a) be bound by any orders or judgments entered in the case relating to the Settlement Agreement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

9. **Final Approval Hearing.** A Final Approval Hearing is set for June 25, 2020, at 11:00 a.m. in Courtroom 4B, at:

> U.S. District Court for the Western District of Missouri
> United States Courthouse
> 80 Lafayette Street
> Jefferson City, Missouri 65101

**IT IS SO ORDERED.**

Date: December 19, 2019    /s/ Douglas Harpool
                           Hon. Douglas Harpool
                           United States District Judge