IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMANDA SMITH, ) | |
| CHERYL FERNANDEZ, ) | |
| JOSEPH COLELLA, ) | |
| JOSEPH TIMMERMAN, ) | |
| KELLY STYLES LONGO, ) | |
| SANDRA STYLES-HORVATH, ) | |
| JOHANA GARCIA, and ) | |
| SHARON MARIE BETSELL, ) | |
| individually and ) | |
| on behalf of all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:18-CV-04004-MDH |
| ) | |
| ATKINS NUTRITIONALS, INC., ) | |
| ) | |
| Defendant. ) | |

## FINAL APPROVAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. (Doc. 49). The Court conducted a final fairness hearing on Plaintiffs' Motion on June 25, 2020, at 11:00 A.M. in Jefferson City, Missouri. Counsel for the parties appeared; no objectors or any other individuals appeared at the hearing.

Accordingly, based on Plaintiffs' Motion, the final fairness hearing, and good cause shown, the Court **GRANTS** Plaintiffs' Motion for the reasons stated herein and **ORDERS** the following:

1. The Settlement Agreement was previously submitted to the Court in conjunction with Plaintiffs' Motion for Preliminary Approval of Settlement. *See* Doc. 46-1. The Settlement Agreement, including its exhibits, and the definition of terms contained therein are incorporated by reference in this Order. The terms of the Court's Preliminary Approval Order (Doc. 47) are also incorporated by reference in this Order.

1

2. This Court has jurisdiction over the subject matter of this Action, as well as personal jurisdiction over the Settlement Class as follows:

> All persons who: (1) purchased a Subject Product, (2) during the applicable Purchase Period, (3) anywhere in the United States.
>
> "Subject Products" means any Atkins Nutritionals products that contained any sugar alcohol (including but not limited to maltitol) or polyol (including but not limited to glycerin) that were sold anywhere in the United States during the Purchase Period.
>
> "Purchase Period" is from January 1, 2013 to April 27, 2020 for purchases in Missouri, California, or New York, and from January 1, 2014 to April 27, 2020 for purchases in any other U.S. state or territory.

3. The Court finds and concludes that class notice was disseminated to members of the Settlement Class in accordance with the Settlement Agreement, the Class Notice Plan and the Court's Order (Doc. 47) (the "Class Notice"). The Court finds that the Class Notice fully satisfied Rule 23 of the Federal Rules of Civil Procedure, was the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution.

4. The Court finds and concludes that the notice provided by Atkins Nutritionals to the appropriate state and federal officials fully satisfied the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. No state or federal officials objected to the Settlement.

5. The Court finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Class Members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

6. No objections in accordance with the requirements of the Class Notice and the Preliminary Approval Order were submitted to the Settlement Agreement.

7. One individual, Paul Sahai, submitted a timely request to be excluded from the Settlement Class in accordance with the requirements in the Class Notice and the Preliminary Approval Order. As such, Paul Sahai is excluded from the Settlement Class as defined above.

8. Two individuals, Jasmine Taylor and Genal Moore Newby, submitted informal, nearly identical complaints about the Settlement to Class Counsel that requested "mediation." Neither Ms. Taylor nor Mr. Newby submitted a request for exclusion or an objection in accordance with the requirements of the Class Notice or the Preliminary Approval Order. The Court finds that neither Ms. Taylor nor Ms. Newby objected to or opted-out of the Settlement.

9. The Court has evaluated the overall reaction of the Settlement Class to the Settlement and finds that the overall acceptance of the Settlement Agreement by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable and adequate, and in the best interests of the Settlement Class.

10. CPT Group, Inc. is finally appointed to continue to serve as the Claims Administrator as provided in the Settlement Agreement. The Claims Administrator is directed to finally process all timely and valid claims and disburse the Settlement Fund in accordance with the terms of the Settlement Agreement, this Order and the declaration of Ani Sarich, including disbursement of the indicated payments to Class Counsel for their awarded attorneys' fees and costs, Class Representatives for their Service Awards, Settlement Class members who submitted timely and valid claims (adjusted *pro rata*), and the Notice and Claims Administrator for its services and costs, and for mediation expenses. Based on the amount of timely valid claims, no funds shall revert to Atkins Nutritionals and no *cy pres* distribution is required. The disbursements

described herein shall be made in accordance with the timing set forth in the Settlement Agreement and shall occur no later than within 30 days of the Effective Date as set forth in the Settlement Agreement. Pursuant to the Settlement Agreement, all checks issued to Settlement Class Members must be redeemed within 90 days of the Effective Date. The funds associated with any checks not so redeemed (and any other monies remaining in the Settlement Fund that cannot be evenly distributed to Settlement Class Members) shall be paid to the American Diabetes Association, as a *Cy Pres* recipient, on behalf of Atkins Nutritionals.

11. As provided by the Settlement Agreement and now directed by this Court, the Releasing Parties include Plaintiffs, Plaintiffs' Counsel, all Settlement Class Members, and any person claiming by, through or on behalf of any Plaintiff or Settlement Class Member, including but not limited to spouses, children, wards, heirs, devises, legatees, invitees, employees, associates, co-owners, attorneys, agents, administrators, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, or affiliates.

12. As provided by the Settlement Agreement and now directed by this Court, the Released Parties include Atkins Nutritionals, all of its predecessors, successors, assigns, parents (including The Simply Good Foods Company), subsidiaries, divisions, departments, and affiliates, and any and all of its past, present and future officers, directors, employees, shareholders, partners, principals, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, customers, subrogees and assigns and any entity that made, manufactured, tested, inspected, audited, certified, purchased, distributed, supplied, licensed, transported, donated, marketed, advertised, promoted, sold, or offered for sale any Subject Product, or any entity that contributed to any labeling, sale, distribution, supply, advertising, marketing, or packaging of any Subject Product, including all of their respective predecessors, successors, assigns, parents, subsidiaries,

4

divisions, departments, or affiliates, and any and all of their past, present and future officers, directors, employees, shareholders, partners, principals, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, customers, subrogees, or assigns.

13. As provided by the Settlement Agreement and now directed by this Court, the Released Claims include any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action under common law, statutory law, or any other law or regulation (including federal, state, or local) of every nature and description whatsoever, including monetary, injunctive, or equitable claims, and whether ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including Unknown Claims, as of the Effective Date, held by Plaintiffs including all Settlement Class Members (and Plaintiffs' and all Settlement Class Members' respective heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that were asserted or that could have been reasonably asserted against the Released Parties in the Actions, or that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Actions, including but not limited to alleged violations of New York's General Business Laws, the Missouri Merchandising Practices Act, California's Unfair Competition Law and False Advertising Law, or similar laws of any state or territory of the United States, alleged claims for breaches of express or implied warranties, and unjust enrichment, and any claims for monetary, injunctive, or equitable relief that arise out of or relate to the facts and circumstances giving rise to the allegations in the Actions, including but not limited to Atkins Nutritionals' communications, disclosures, representations, statements, claims, nondisclosures, and/or omissions in or on the packaging, advertising, labeling, formulation and/or marketing of or relating to the Subject Products.

14. Plaintiffs and the Settlement Class Members shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Actions relating thereto, including, without limitation, this Order and Judgment and the Releases provided in the Settlement Agreement. This Order shall forever be binding and shall have *res judicata* and claim preclusive effect in all pending and future lawsuits maintained by or on behalf of Plaintiff and the Settlement Class.

15. Plaintiffs and the Settlement Class, and all persons acting on behalf of or in concert with any of the above, shall forever be barred and enjoined from, whether directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, or before any administrative body whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims or is based upon or arises out of the facts and circumstances underlying the claims and causes of action in this lawsuit. The Court finds that issuance of the permanent injunction described in this paragraph is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Order. This Order may be raised as a complete defense to and will preclude any action or proceeding encompassed by the terms of this paragraph.

16. Without affecting the finality of this Order, the Court reserves exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement.

17. The Court hereby approves Class Counsel's application for $1,700,000 in attorneys' fees and $35,103.12 in costs.

18. The Court hereby approves service awards to the Class Representatives in the following amounts:

- $10,000 each for named Plaintiffs Amanda Smith and Cheryl Fernandez;
- $5,000 for named Plaintiff Joseph Colella; and
- $3,000 each for Plaintiffs Joseph Timmerman, Kelly Styles Longo, Sandra Styles-Hovarth, Johana Garcia, and Sharon Marie Betsill.

19. The Court hereby dismisses this Action and all claims with prejudice, and without costs to any party except as expressly provided for in the Settlement Agreement and this Order.

20. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class. The Clerk of the Court is directed to enter this Order on the docket forthwith.

**IT IS SO ORDERED.**

DATED: June 26, 2020

                                             */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**